JOHN HUGGARD, Respondent, *v.* LEWIS LEHMAN, Appellant, Impleaded, etc.

*New Jersey statute as to general assignments — what property the assignment must embrace in order to prevent a firm creditor from enforcing the individual liability of the members of a firm.*

The defendants are members of a firm which made a general assignment of the firm assets in New Jersey, in which State they then resided. The plaintiff, who was a creditor of the firm, after appearing and receiving a dividend upon his claim from the assignee, brought this action to enforce the individual liability of the partners for the balance of the debt. The defendants claimed that the action was barred by the New Jersey statute regulating assignments, which provided that creditors who came in and exhibited their demands for a dividend should be wholly barred from having afterwards any action or suit at law or in equity against the debtors or their representatives, unless they should prove fraud in respect to the assignment.

*Held,* that the discharge given by this act only became operative when all the property, individual as well as firm, was assigned, and did not apply when the firm assets alone were transferred to the assignee.

*It seems,* that the New Jersey statute may leave the individual liability of the members of the firm unaffected in a case where the copartnership liability is discharged by the acceptance of a dividend. (Davis, P. J.)

Appeal from a judgment in favor of the plaintiff, entered upon a verdict directed by the court at circuit.

*H. Major,* for the appellant.

*Williamson, Reynolds & Hinrichs,* for the respondent.

Davis, P. J. :

This action was brought against several defendants who formerly constituted the firm of Marley, Eunson & Co., of which firm the appellant was a member. The firm was indebted to the plaintiff on their promissory notes, and while so indebted the firm (composed of James M. Marley, Eugene Eunson, Lewis Lehman and Joseph H. Harrison) made an assignment in the State of New Jersey, where they resided and carried on business, pursuant to the statutes of that State for the benefit of their creditors, to one M. R. Moorhead. The statute of New Jersey prohibits all preferences in and by such assignments, and requires the net amount which shall come to the hands of the assignee for distribution to be distributed for

the equal benefit of the creditors who may come in and prove their claims as provided by the act. The plaintiff came in under the assignment and exhibited his demands against the firm for a dividend, and received his dividend out of the assigned property. He now claims to recover against the appellant, whom he sues as a member of the firm upon his individual liability for the debts of the firm. It is stipulated by the parties that the assignment was only of all the assets of the firm of Marley & Co., and did not include any part of the individual property of any member of the firm.

The question presented arises upon the twenty-first section of the statute of New Jersey, which is in these words: "21. Nothing in this act shall be taken or understood as discharging said debtor or debtors from liability to their creditors who may choose to exhibit their claims, either in regard to the persons of such debtors or to any estate, real or personal, not assigned, but with respect to the creditors who shall come in under said assignment and exhibit their demands as aforesaid for a dividend, they shall be wholly barred from having afterwards any action or suit at law or equity against such debtors or their representatives; unless on the trial of such action or hearing in equity the said creditors shall prove fraud in the said debtor or debtors with respect to the said assignment or concealing his estate, real or personal, whether in possession, held in trust or otherwise." It is claimed on the part of the appellant that by this section the plaintiff, having come in and received his dividend out of the assigned estate, is wholly barred from having afterwards any action or suit at law against the defendants, except on the condition expressed in the section; while, on the other hand, it is claimed that the bar only extends to actions against the defendants as a firm to recover indebtedness out of their firm assets, and leaves the plaintiff at liberty to pursue the several members of the firm and enforce their individual liability to him. The court at circuit accepted this view and directed judgment for the balance of the indebtedness after deducting the dividend, against him on his individual liability to be collected only out of his individual assets. The appellant was alone served in the action and appeared and defended.

The question thus presented is one by no means easy of solution.

But we have come, with some hesitation, to the conclusion that the decision of the court below was correct, if not altogether for the reasons assigned by the court. We are inclined to the opinion that the statute of New Jersey, in order to entitle the assignors to an absolute discharge in such a case, requires that the assignment shall embrace all the joint and several property of each of the assignors, whether owned by them as members of the copartnership or as individuals.

The second section of the act provides that the debtor or debtors making such assignment shall annex to such assignment or conveyance an inventory under oath or affirmation of his her or their estate real and personal according to the best of their knowledge, together with a list of his, her or their creditors, and the amount of their respective claims, but that such inventory shall in no wise be conclusive as to the quantum of the debtor's estate real and personal but the assignee or assignees shall be entitled to any other property which may belong to the debtor or debtors at the time of making the assignment, and not comprehended within the general terms of the same. This section plainly contemplates that the debtor, or if there be several debtors each, shall annex such inventory of his or their estate real and personal; and this obviously embraces whatever and all property the assignors have whether joint or several; and so the assignors are each required to set forth a list of his or their creditors and the amount of their respective claims, the obvious purpose being, as we think is seen when this section is collated with the other section, to make the proceeding in the nature of one in bankruptcy and provides for a distribution, according to the equitable rights of creditors, of all the estate joint or separate of each assignor. In a case where this is not done in accordance with the spirit of the act, the provision for the absolute discharge of each of the several assignors is not applicable. Any other construction would lead to great difficulties and embarrassments, and gross injustice. If it were practicable under this statute for a firm of debtors simply to assign their copartnership property without transferring any of their individual estate, the result would follow under the act that each of their copartnership creditors would be compelled to come in and exhibit his demand and take his dividend in the copartnership effects assigned or lose

all right to share in such effects, and be thrown over to pursue by action his remedy against the assignors upon their individual liability alone ; while on the other hand if he comes in and exhibits his demand and takes his dividend he is precluded from all remedy against each member of the firm upon his separate liability however responsible he may be. To illustrate, if the assets of a firm who make an assignme t of fu h assets only, are sufficient to pay fifty cents on a dollar of the firm indebtedness while each member of the firm is abundently able to pay the residue, the operation of the statute is to compel the loss of one-half of every debt owing by the firm ; because not to come in and take the dividend destroys all remedy against the firm property, while to come in destroys all remedy against the individual debtor. We cannot conceive that the legislature intended to produce such results. On the contrary, we think that a true construction of the act requires an assignment of all the property of each debtor whether joint or several in order that the creditors of the firm, and of each of the debtors, may receive the benefit of the entire property to be marshaled and applied as required by their respective equitable rights.

The case seems to have been submitted to the court below as one in which the assignment clearly covered nothing but the firm assets The stipulation is not precisely to that effect, but as the assignment itself is not set forth in the case, we are unable to see that the court was not correct in assuming that it did not include any part of the individual property of either member of the firm. Upon this ground we are of opinion that the receiving of the dividend did not create the bar provided for by the twenty-first section because the assignment did not embrace the entire property joint and several of the several assignors, both as copartners and as individual debtors. But it may well be also that the statute of New Jersey leaves the individual liability unaffected in a case where the copartnership liability is discharged by the acceptance of a dividend.

In either view the judgment is right and should be affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.